**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

C. BRENT MEADOR, M.D.                                                                              PLAINTIFF

v.                                                                                 Civil Action No. 3:05-cv-76WS

MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC., et al.                           DEFENDANTS

**ORDER GRANTING REMAND**

Before the court is plaintiff's Motion to Remand **[Docket #8]** this civil lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, said motion having been filed pursuant to Title 28 U.S.C. § 1452(b),[1] or in the Alternative, Motion to Abstain pursuant to Title 28 U.S.C. § 1334(c)(2)[2] or Title 28 U.S.C. § 1334(c)(1).[3]  Plaintiff here is

---

[1] Title 28 U.S.C. § 1452(b) provides in pertinent part, "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

[2] Title 28 U.S.C. § 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

[3] Title 28 U.S.C. § 1334(c)(1) provides, "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

C. Brent Meador (hereinafter "Meador").  In his complaint, plaintiff alleges the state law claims of breach of fiducial duties, interference with fiducial duties, interference with contract rights, interference with prospective business advantage, deceit, retaliatory discharge, conspiracy, gross negligence, state law antitrust claims, tort arising out of contract, and breach of covenants of good faith and fair dealing.

The defendants here are Mississippi Baptist Health Systems, Inc.;  Central Medical Management, Inc.;  Jackson Medical Clinic, Inc.;  Jackson Medical Clinic, P.A.;  Jackson Medical Clinic, LLC;  Premier Medical Management of Mississippi, Inc.;  Trustmark National Bank;  James C. "Jim" Bethea;  William A. Causey, M.D.;  Gerald D. "Jerry" Cotten;  Lu H. Harding;  Charles Harrison;  Frank Hart;  Alvis Hunt;  Eric A. "Buster" McVey, III, M.D.;  Kurt W. Metzner;  M. Kent Strum;  James F. "Pat" Wigley;  and unidentified defendants numbered 1-40 (hereinafter collectively "the defendants").  In their Notice of Removal, the defendants contend that this federal forum has jurisdiction over plaintiff's state law claims pursuant to Title 28 U.S.C. § 1334(b)[4] and § 1334(e).[5]  For the reasons enunciated below, this court finds the defendants' removal of this lawsuit from state court to this federal forum not well-taken and, therefore, grants plaintiff's motion to remand.

---

[4]Title 28 U.S.C. § 1334(b) provides in pertinent part, "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

[5]Title 28 U.S.C. § 1334(e) provides in pertinent part, "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of te debtor as of the commencement of such case, and of property of the estate."

**RELEVANT FACTS**

Plaintiff commenced this civil lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on August 31, 2004. Prior to filing this action in state court, on June 6, 2002, plaintiff filed for relief under Chapter 7 of the Bankruptcy Code. On February 3, 2005, the defendants removed this lawsuit to this court pursuant to Title 28 U.S.C. § 1452(a)[6] on the theory that plaintiff's cause of action was property of plaintiff's bankruptcy estate, that resolution of plaintiff's claims would affect plaintiff's bankruptcy estate, and that plaintiff's claims "arise in" a pending bankruptcy matter. As such, the defendants assert that this court is the proper forum in which to adjudicate plaintiff's claims.

Subsequently, plaintiff filed the motion to remand now before the court. In his remand submissions, plaintiff notes that there is no longer a bankruptcy estate being administered in the bankruptcy court and, consequently, this court's federal jurisdiction is not invoked. Alternatively, plaintiff urges this court to abstain from adjudicating this lawsuit, which is based entirely on state law.

**ANALYSIS**

The defendants contend that plaintiff's cause of action either arises in, arises under, or is related to plaintiff's bankruptcy matter. As a result, say defendants, this court has jurisdiction over this case under Title 28 U.S.C. § 1334(b) and § 1334(e).

---

[6]Title 28 U.S.C. § 1452(a) provides, "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

To determine whether federal jurisdiction is properly invoked under § 1334, this court normally begins its analysis by recognizing that Congress intended "to grant comprehensive jurisdiction to the bankruptcy courts so they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). This court next looks to the estate and the debated effects upon such. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." *Rand v. Empire Funding Corp., et al.*, 132 F. Supp.2d 497, 501 (S.D. Miss. 2000) (citing *Pacor Inc. v. Higgins*, 743 F.2d 984 (3rd. Cir. 1984)). As stated in *Pacor*, which was adopted by the Fifth Circuit in *In re Wood*, 825 F.2d 90 (5th Cir. 1987), "the usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994.

Here, the debtor has been discharged and there is currently no bankruptcy estate being administered to which the instant case relates. The United States Bankruptcy Court for the Southern District of Mississippi discharged the plaintiff from bankruptcy on July 7, 2004.

For the reasons aforesaid, this court is not persuaded that this court has subject matter jurisdiction under § 1334(b). Accordingly, this court concludes that this case must be remanded to the state forum. Consequently, the plaintiff's motion for remand is granted, while plaintiff's alternative motion for abstention is hereby rendered moot.

## **CONCLUSION**

Based on the record before the court, the court grants plaintiffs' motion to remand **[Docket #8]** for lack of federal jurisdiction under § 1334(b), and directs the Clerk of the Court to transfer this civil lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

**SO ORDERED, this the 23rd day of March, 2006.**

                                        **s/ HENRY T. WINGATE**

                                        **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-76WS
Order Granting Motion to Remand